# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>UNUM GROUP, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA, POLENZANI BENEFITS & INSURANCE, AND DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. CV11-3671 JHN (RZx)<br><br>**PROTECTIVE ORDER PURSUANT TO STIPULATED CONFIDENTIALITY AGREEMENT**<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

Upon consideration of the Stipulated Confidentiality Agreement for Protective Order between Plaintiff Christopher Thompson ("Plaintiff") and Defendants Unum Group and Provident Life and Accident Insurance Company (collectively "Unum Defendants"), the Court hereby approves of said Agreement and orders the parties to comply with its terms. Certain documents, materials or information to be produced by the parties in discovery shall be subject to the parties' Stipulated Confidentiality Agreement with respect to confidentiality and privacy as follows:

///

1.   The parties designate the following <u>specific</u> information as "CONFIDENTIAL": (1) Records from Mark George, LMFT (92 pages); (2) Job Descriptions for the Lead DBS, QCC and Director (7 pages); (3) Open Claim Details reports for claim (40 pages); and (4) Monthly Trends Detail Reports for claim (6 pages).  The parties have produced thousands of pages of documents in this litigation, none of which has been marked confidential.  In fact, defendants have already produced the entire claim manual <u>without</u> a protective order (something that is rare in the insurance industry).  However, the records above need to be subject to a confidentiality order for the following reasons.

A.   Plaintiff asserts that the records from Mark George, LMFT are privileged therapy records.  Giving that there is still a pending criminal matter involving Plaintiff it is important to him that the privilege not be waived in any way as it could detrimentally impact the defense of his criminal case.

B.   Defendants maintain that monthly trend details reports and the open claim details reports are highly proprietary information which would give a competitor an unfair advantage should the information be released.  The trend details reports and the open claim details report were developed internally by employees of Unum for use in its business operations to provide a centralized system to manage benefit reporting for all of its products.  This is not a system that can be purchased by companies in the industry.  To the best of its knowledge, none of Unum's competitors have a system that is comparable to the system developed by Unum.  The expertise and experience Unum has developed in tracking and reporting data give Unum and its subsidiary insurance companies (including Provident Life) a competitive advantage as compared to other companies in the insurance industry and thus disclosure of how the system works will cause competitive harm to Unum.  Unless, the information is produced under a protective order, it will not be released unless compelled by Court order thus necessitating more expense and time for everyone involved.

1  C. Defendants maintain that the above job descriptions include information concerning, among other things, the exemption status of a particular position, reporting relationships within the company, specific information concerning duties and responsibilities of the position, and job specifications, including, for example, educational requirements, employment experience, and skills. The release of this information could be detrimental to Unum and/or Provident Life, as competitors would have inside information concerning its operations to which they would not normally have access. For these reasons, Unum considers the job position descriptions confidential and proprietary information. Unless, the information is produced under a protective order, it will not be released unless compelled by Court order thus necessitating more expense and time for everyone involved.

2. The parties agree that:

A. The information produced shall be stored in a secure fashion to assure compliance with this Order. The requesting party may designate a competent person or entity to serve as his or agent to organize said data and to limit distribution in accordance with this Order.

B. A party shall not designate a document as CONFIDENTIAL unless it is of a private or confidential or proprietary nature deserving of such protection. Except as may be otherwise provided by this Order or by further order of the Court or further stipulation of the parties, documents designated as CONFIDENTIAL, as well as the matters contained therein, and extracts and summaries thereof containing confidential information, shall not be produced to any commercial competitor of the party producing the data.

C. Access to any CONFIDENTIAL documents, or any part thereof, as well as to the matters contained therein, shall be limited to: (i) the judiciary, its employees and its agents, including jurors; (ii) the parties and the officers, employees and agents of the parties who have a reasonable justification to view the

CONFIDENTIAL material, but only in accordance with paragraph 1(E); (iii) the attorneys for the parties, their associates, assistants and agents; (iv) consultants and experts involved in the preparation of this litigation for each party; (v) court reporters, their transcribers, assistants and employees; (vi) authors, subjects, and recipients of CONFIDENTIAL documents; and (vii) potential witnesses.

D. Individuals and entities, other than the parties, their attorneys, associates and agents, permitted access by the parties' attorneys, pursuant to paragraph 1(C) above, to CONFIDENTIAL documents, or parts thereof, are hereby ordered not to show, convey or reproduce any such documents, or any parts thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or entity who would not otherwise have access to CONFIDENTIAL documents under the provisions of this Order.

E. All CONFIDENTIAL documents produced in this suit, whether by a party or nonparty, subpoena, agreement or otherwise, and all information contained in them or derived from them, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

F. Any persons who are given access to any CONFIDENTIAL documents, or any part thereof, as well as to the matters contained therein, in accordance with paragraph 1(C)(ii), are required to execute the instant protective order, or an addendum to this protective order, which affirmatively acknowledges that they have read the protective order and agree to be bound by its terms.

3. Counsel for each party shall insure that any person who makes a declaration or testifies on behalf of that party, or assists in any way in the preparation of that party's case shall have access to CONFIDENTIAL material only after being informed of the provisions of this Order and after agreeing to be bound by it.

1  4. In the event that any party submits to the Court any document which has been designated as CONFIDENTIAL, the party submitting the CONFIDENTIAL documents shall conditionally lodge the CONFIDENTIAL documents with the Court in a sealed envelope container, on which shall be endorsed the title of the action to which it pertains, an indication of the contents of the sealed envelope or other container, the words "CONFIDENTIAL– CONDITIONALLY UNDER SEAL," and a statement that the enclosed documents are subject to a motion to file the documents under seal.  A copy of this Protective Order shall be submitted with the lodged materials.  Lodged CONFIDENTIAL materials shall not be available to public inspection.  The party who designated the material as CONFIDENTIAL shall have the opportunity to apply to the Court for an order allowing the CONFIDENTIAL documents to be filed under seal.

If the Court grants the motion to file the CONFIDENTIAL documents under seal, the Court shall order the documents to be sealed and the sealed documents shall be kept separately from the public file.  If the Court denies the motion to file the CONFIDENTIAL documents under seal, the material will be filed as any other non-sealed document.  Any court hearing which refers to or describes CONFIDENTIAL information subject to this Protective Order shall in the Court's discretion be in camera.

5. Parties submitting purportedly CONFIDENTIAL information to the Court shall endeavor in good faith to restrict their filings or other submissions to CONFIDENTIAL information that is reasonably necessary for the Court to consider in connection with the issue or matter for which the CONFIDENTIAL information is submitted.

6. The execution of this Order, and the entry of a protective order pursuant hereto shall not, in itself:

a. constitute a waiver of any party's right to seek at a future time relief from the Court for an order restricting access to specific documents

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4850-9610-3950 v1                                5                        PROTECTIVE ORDER PURSUANT TO
                                                                              STIPULATED CONFIDENTIALITY
                                                                              AGREEMENT

designated as CONFIDENTIAL documents to a more limited group of individuals or entities than defined in paragraphs 1 (B) and 1 (C) above, or granting access to specific documents designated as CONFIDENTIAL to specific individuals; or

  b. preclude any party from (i) claiming that any document or matter designated hereunder is not entitled to the protections of this Protective Order, (ii) applying to the Court for and Order permitting disclosure or use of information or documents otherwise prohibited by this Protective Order, or (iii) applying for an order modifying this Protective Order in any respect; or

  c. constitute a waiver of any objection to any discovery request;

  d. be construed as an admission or agreement that any document designated as CONFIDENTIAL is, in fact, confidential, or contains sensitive information, or otherwise is entitled to any protective relief whatsoever.

 7. The terms of this Protective Order are applicable to CONFIDENTIAL information submitted or produced by a non-party, and such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non-party providing information to all the parties through either formal or informal discovery means shall (a) have the same right as a party to designate any such information under this Protective Order, and (b) shall have the standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party designated information.

 8. The terms of this Protective Order shall continue to apply to all CONFIDENTIAL documents and information after this suit has been terminated. Upon termination of this suit, including all appeals, the parties shall return all CONFIDENTIAL documents to the producing party, as well as all copies, extracts and summaries of them, except that counsel for each party may maintain in his file one copy of each pleading or other paper filed with the Court. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

1   9.   This Order does not apply to and shall have no effect upon evidence
2   offered at trial or in consideration of any proceeding in this case.
3   10.   This order also shall not govern materials submitted in connection with
4   dispositive motions.  If a party desires protection for such materials, or for materials
5   submitted in connection with trial, the party shall apply separately to the judicial
6   officer who will preside at such proceedings.
7   IT IS SO ORDERED.

Dated: December 09, 2011          By: _____Ralph Zarefsky_____
                                       Un

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4850-9610-3950 v1

7

PROTECTIVE ORDER PURSUANT TO
STIPULATED CONFIDENTIALITY
AGREEMENT